IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARTY CONSTANT                                                                    PLAINTIFF

vs.                                       Civil No. 6:14-cv-06021

CAROLYN COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Marty Constant ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB and SSI were filed on July 14, 2011.  (Tr. 9, 117-129). Plaintiff alleged he was disabled due to arthritis and shoulder, ankle, hip, and leg problems.  (Tr. 149).  Plaintiff alleged an onset date of June 1, 2009 which was later amended to June 1, 2010.  (Tr. 47, 117).  These applications were denied initially and again upon reconsideration.  (Tr. 9, 57-62,

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

68-72). Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 73-74).

Plaintiff 's administrative hearing was held on September 20, 2012. (Tr. 27-52). Plaintiff was present and was represented by counsel, Shannon Muse Carroll, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a ninth grade education. (Tr. 33).

On November 16, 2012, the ALJ entered a partially favorable decision finding Plaintiff disabled beginning March 8, 2012. (Tr. 9-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 11, Finding 2).

The ALJ also determined Plaintiff, prior to March 8, 2012, had the severe impairments of degenerative disk disease of the lumbar spine, hypertension, and left shoulder impairment. Beginning on March 8, 2012, Plaintiff had the severe impairments of degenerative disk disease of the lumbar spine, hypertension, left shoulder impairment, and peripheral vascular disease status port-aortic aneurysm repair. (Tr. 11, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-15). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined that prior to March

8, 2012, Plaintiff retained the RFC to perform light work but could only occasionally stoop, crouch, crawl, and kneel and could not perform overhead reaching with his non-dominant upper extremity. (Tr. 12, Finding 5). The ALJ also found that beginning March 8, 2012, Plaintiff retained the RFC to perform less than the full range of sedentary work. (Tr. 15, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 7). The ALJ found that since June 1, 2010, Plaintiff was unable to perform his PRW as a groundskeeper and landscape laborer. *Id.* The ALJ also determined that since March 8, 2012, there was no other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17, Finding 12). Given this, the ALJ determined Plaintiff had been under a disability as defined in the Act beginning March 8, 2012. (Tr. 17, Finding 13).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 23). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On February 21, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 28, 2014. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, and (C) in failing to properly consider Plaintiff's complaints of pain. ECF No. 12, Pgs. 3-11. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included degenerative disk disease of the lumbar spine, hypertension, left shoulder impairment, and peripheral vascular disease status port-aortic aneurysm repair as of March 8, 2012. (Tr. 11, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment

set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under Section 1.02. ECF No. 12, Pgs. 3-7. Defendant argues Plaintiff has failed to establish she meets this Listing. ECF No. 13, Pgs. 4-7.

To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical evidence of joint space narrowing, bony destruction, or ankylosis, with either:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or

B. Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

An inability to perform fine and gross movements effectively means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively. Also, it should be noted, when asked to identify the abilities affected by he conditions, Plaintiff did not identify using hands as one of the abilities affected. (Tr. 149). Plaintiff did not show anything more than a possible remote joint dislocation in his left shoulder. (Tr. 13, 220).

Additionally, Plaintiff does not have a joint dysfunction that resulted in an inability to ambulate effectively. Plaintiff has failed to establish he is unable to ambulate effectively. Plaintiff has no evidence he has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or

combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined that prior to March 8, 2012, Plaintiff retained the RFC to perform light work but could only occasionally stoop, crouch, crawl, and kneel and could not perform overhead reaching with his non-dominant upper extremity. (Tr. 12, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 12, Pgs. 8-11. However, substantial evidence supports the ALJ's RFC determination.

The medical record shows Plaintiff had a possible remote joint dislocation in his left shoulder

(Tr. 220). An MRI of his lumbar spine revealed degenerative changes from L3-4 through L5-S1. (Tr. 221). Plaintiff received a diagnosis of likely alcoholic peripheral neuropathy and lumbar degenerative joint disease, but no nerve root impingement. (Tr. 212-222).

On October 7, 2011, Plaintiff was seen by Dr. Ross Hardy. (Tr. 226-227). Dr. Hardy indicated tests revealed evidence of moderate entrapment of the right peroneal nerve across the ankle and mild entrapment of the right superficial peroneal nerve across the ankle. *Id.* Dr. Hardy stated these findings would not cause the alleged symptoms in Plaintiff's lower right extremity, and the motor nerve studies and the electromyography revealed no evidence of peripheral nerve entrapment, neuropathy, or chronic or acute lumbar radiculopathy. (Tr. 227).

The ALJ also considered the opinions Dr. Bill Payne who prepared a RFC Assessment on Plaintiff on November 22, 1011. (Tr. 252-259). Dr. Payne was of the opinion Plaintiff could perform medium work with occasional stooping and crouching. *Id.* However, the ALJ found more limitations than Dr. Payne found when he found Plaintiff only capable of performing light work. (Tr. 14).

The ALJ did find Plaintiff disabled as of March 8, 2012, because he had an aortic occlusion that required an aortobifemoral bypass. (Tr. 14, 353-364, 392). However, the ALJ correctly found this condition did not cause limitations before March 8, 2012. (Tr. 14).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding that prior to March 8, 2012, Plaintiff was capable of performing light work. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**C. ALJ's Credibility Determination**

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 12. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 13.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 12-15). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff 's conservative treatment prior to March 8, 2012, (5) Plaintiff's noncompliance with treatment, and (6) Plaintiff's musculoskeletal complaints were fairly well controlled with medications. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of February 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE